UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:06-CV-61-PPS |
| | ) | |
| GLADYS PETERSON and CHARLES PETERSON, | ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Allstate Insurance Company's Motion for the Court to Abstain from Determining the Rights of the Litigants and to Stay the Proceedings Pending Resolution of a State Action [DE 15], filed by Plaintiff Allstate Insurance Company ("Allstate") on June 5, 2006. For the following reasons, the Court denies the Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 10, 2003, Charles and Gladys Peterson ("the Petersons") were traveling in a vehicle on I-80 in Porter County when they were involved in an automobile accident with another vehicle driven by Nasir Farrakhan. The vehicle Nasir Farrakhan was driving was owned by his father, Louis Farrakhan, and was insured under an Allstate automobile liability policy. The Petersons sustained injuries and on May 20, 2003, filed suit against Nasir Farrakhan in the Porter County Superior Court in Valparaiso, Indiana. On July 3, 2003, the Petersons amended their complaint to include Louis Farrakhan as a defendant. On August 1, 2003, the defendants removed the action to the Northern District of Indiana.

Allstate provided a defense to Nasir Farrakhan under a reservation of rights. Allstate also provided a defense to Louis Farrakhan in the underlying action by separate counsel. Allstate does not contest its duty to defend Louis Farrakhan. However, Allstate alleges in this case that the scope of Louis Farrakhan's insurance policy does not cover Nasir Farrakhan and that Allstate therefore has no duty to indemnify Nasir Farrakhan.

In approximately December 2005, or January 2006, Allstate filed a declaratory judgment action in Illinois state court seeking a declaration that, under the insurance contract issued to Louis Farrakhan, Allstate had no duty to defend or indemnify Nasir Farrakhan with regard to the Peterson's personal injury suit. The core issue in the Illinois proceeding is whether Nasir Farrakhan qualifies as an insured under Louis Farrakhan's Allstate policy. Allstate named Louis Farrakhan, Nasir Farrakhan and the Petersons as defendants in the Illinois action. The Petersons are not subject to jurisdiction in the Illinois court and declined to participate in the Illinois action.

On February 16, 2006, Allstate filed a Complaint in this Court (this case) seeking a declaratory judgment as to whether Allstate was obligated to indemnify Nasir Farrakhan for the claims alleged against him in the Petersons' lawsuit.

On April 19, 2006, the Petersons filed their Answer to Allstate's Complaint.

On June 5, 2006, Allstate filed the instant Motion for the Court to Abstain from Determining the Rights of the Litigants and to Stay the Proceedings Pending Resolution of a State Action. The Petersons filed their Response to Allstate's Motion on June 20, 2006, and Allstate filed its Reply to the Petersons' Response on June 27, 2006. On October 12, 2006, a jury in a separate civil case

2

awarded the Petersons compensatory and punitive damages against Nasir Farrakhan in the amount of $814,399.17.[1]

**ANALYSIS**

Allstate seeks a stay of this civil proceeding until resolution of its declaratory judgment action pending against the Farrakhans in Illinois state court. Allstate argues that, because the issues in the Illinois proceeding are substantially the same, this Court should grant Allstate's Motion to Stay to avoid inconsistent judgments, duplicative proceedings and a waste of judicial resources. The Petersons oppose Allstate's motion and argue that a stay would deny them an opportunity to litigate insurance coverage issues in which they have a unique and substantial interest because they are not subject to the jurisdiction of the Illinois state court.

Congress has provided for federal court jurisdiction in declaratory judgment actions through the Declaratory Judgment Act. *See* 28 U.S.C. § 2201. However, a federal court has discretion to refrain from exercising its jurisdiction in a declaratory judgment action. *See Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 494 (1942); *A.G. Edwards & Sons, Inc. v. Pub. Bldg Comm'n.*, 921 F.2d 118, 120 (7th Cir. 1990) (explaining that the Declaratory Judgment Act permits district courts wide discretion in exercising jurisdiction). The *Brillhart* standard is distinct from that of *Colorado River Conservation District v. U.S.*, in which the Supreme Court explained that district courts have an unflagging duty to exercise the jurisdiction given them unless exceptional circumstances indicate otherwise. 424 U.S. 800, 817 (1976). The Supreme Court has held that the discretionary *Brillhart*

---

[1] Louis Farrakan was not a defendant at the jury trial since the Court had previously granted Louis Farrakan's Motion to Dismiss for Lack of Personal Jurisdiction on June 22, 2006.

standard governs a declaratory judgment action when a parallel suit is pending in state court. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

In *Brillhart v. Excess Insurance Company of America*, the Supreme Court explained that the inquiry a district court must answer in deciding a motion to stay on a declaratory judgment action is "whether the questions in controversy between the parties to the federal suit...can better be settled in the proceeding pending in the state court." 316 U.S. at 495. The Court then set forth a series of factors for a district court to consider in determining whether to exercise jurisdiction over a declaratory judgment action when a parallel action is pending in state court. *Id.* These factors include the scope of the state proceeding, the nature of available defenses in the state proceeding, whether the claims of all parties in interest can be satisfactorily adjudicated in the state proceeding, whether the necessary parties have been joined, and whether such parties are amenable to process in the state proceeding. *Id.*

However, the *Brillhart* list is not an exhaustive list of the factors a court may consider. The Seventh Circuit has held that in deciding whether to render a declaratory judgment, a federal court should also take into account whether "the declaratory suit presents a question distinct from the issues raised in the state court proceeding, whether the parties to the two actions are identical, whether going forward with the declaratory judgment action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will result in duplicative and piecemeal litigation, and whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum at another time." *Nationwide Ins. v. Zavalis*, 52 F. 3d 689, 692 (7th Cir. 1995).

4

### A. The *Brillhart* Factors

The question at issue in this case is whether the Court should grant Allstate's motion to stay proceedings in its petition for declaratory judgment to determine its obligations under Louis Farrakhan's automobile insurance policy. The Court will examine the facts of this case against each of the *Brillhart* factors in turn.

*1. The scope of the state and federal proceedings*

Allstate's action in Illinois state court seeks a declaration of Allstate's duty to defend and indemnify Nasir Farrakhan under his father's insurance policy. Allstate's petition in this Court seeks declaratory relief regarding the slightly narrower issue of Allstate's duty to indemnify Nasir Farrakhan under his father's insurance policy. The Petersons argue that the difference between the suits indicates that the suits are not identical. Allstate argues that the suits are identical but that the question of its duty to indemnify Nasir Farrakhan is not ripe until the Illinois state court has determined its duty to defend him.

The actions arise from the same occurrence under the same policy of insurance and turn on the same issue - whether Nasir Farrakhan is covered under Louis Farrakhan's Allstate policy. Therefore, the scope of the actions is substantially the same. Similarly, under the Seventh Circuit's *Zavalis* factors, the action in this Court does not present issues distinct from the issues in the state court proceeding. *See Zavalis*, 52 F. 3d at 692. Although the suit in this Court presents only the question of Allstate's duty to indemnify Nasir Farrakhan, a jury has awarded the Petersons a judgment against Nasir Farrakhan, and so the question of indemnification is ripe for this Court to

decide. The scope of the state and federal proceedings is only one of the factors a court may take into account in deciding whether to proceed with a declaratory judgment action.

 *2. Available defenses in the state and federal proceedings*

Allstate's duty to defend and/or indemnify Nasir Farrakhan pursuant to Louis Farrakhan's automobile insurance policy is a question of state contract law. Allstate argues that Illinois state contract law will apply to its actions for declaratory judgment in both this Court and in the Illinois state court. The Petersons argue that it is not certain that Illinois state contract law will apply to Allstate's declaratory judgment action in this Court.

When a federal court has jurisdiction pursuant to diversity of the parties, the federal court must look to the conflict-of-law rules of the forum state in order to determine the applicable substantive law. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). The forum state for the current action is Indiana, therefore this Court must look to the Indiana conflict-of-law rules. Indiana choice-of-law provisions generally favor contractual stipulations as to governing law. *See Allen v. Great Am. Reserve Ins. Co.*, 766 N.E.2d 1157, 1162 (Ind. 2002). The insurance contract at issue contains a stipulation that the contract is governed by Illinois law and covers property and risks principally located in Illinois. If loss or injury occurs outside the state of Illinois, the contract permits the law of the jurisdiction in which the loss or injury occurred to govern disputes if such law would govern in the absence of a choice-of-law stipulation. However, Indiana's conflict-of-law rules indicate that even absent a choice-of-law provision, Illinois law would still govern Louis Farrakhan's Allstate contract.

In Indiana, the characterization of an action has some bearing on the choice-of-law question. *See Travelers Ins. Cos. v. Rogers*, 579 N.E. 2d 1328, 1330 (Ind. Ct. App. 1991). With regard to insurance contracts, Indiana applies the "most intimate contacts" test. *Schaffert by Schaffert v. Jackson Nat'l Life Ins. Co.*, 687 N.E.2d 230, 232 (Ind. Ct. App. 1997). The factors to be considered include: (1) the place of contracting, (2) the place of negotiation, (3) the place of performance, (4) the location of the subject matter of the contract and, (5) the domicile, residence, nationality, place of incorporation and residence of the parties. *Id.* While the record is not clear on the place of negotiation, the Allstate policy lists an agent located in Illinois and bears Louis Farrakhan's Illinois address, indicating that Louis Farrakhan formed his contract with Allstate in the state of Illinois.

The record is also unclear with regard to Louis Farrakhan's domicile at the time he entered the insurance contract with Allstate. Allstate's brief indicates that Louis Farrakhan is domiciled in Illinois, but Allstate's initial complaint indicates that Louis Farrakhan testified that he is now residing in Michigan. In either event, this particular factor is not dispositive because the majority of the factors of Indiana's most intimate contacts test point to Illinois law as the law that governs the insurance contract.

The Indiana Court of Appeals has explained that when a court applies the most intimate contacts test to an insurance contract, the most important factor is the principal location of the insured risk - in this case, Louis Farrakhan's automobile. *See Travelers Indem. Co. v. Summit Corp. of Am.*, 715 N.E.2d 926, 931 (Ind. Ct. App. 1999); *See also Dunn v. Meridian Mut. Ins. Co.*, 836 N.E.2d 249, 251 (Ind. 2005) (explaining that "[a]n insurance policy is governed by the law of the principal location of the insured risk during the term of the policy"). The contract lists Louis

7

Farrakhan's Illinois address and states an understanding that the principal location of the insured property and risk is in Illinois.

The Petersons argue that the governing law is unclear because the underlying tort action arose from an automobile accident that occurred in Indiana, causing injury to the Petersons, who are both residents of Indiana. The Petersons' argument has some application to the factor of contractual performance. In *Travelers Indemnity Company v. Summit Corporation of America*, the Court explained that performance is defined as the place where the insurance funds will be put to use. 715 N.E.2d at 932. If Allstate is required to indemnify Nasir Farrakhan, the funds from the policy will be put to use in Indiana to compensate the Petersons for their injuries.

However, the Seventh Circuit addressed a fact pattern similar to the one at bar in *State Auto Mutual Insurance Company v. Spray* and found that the state law with the most intimate connections to the contract governed as opposed to the law of the state in which the tort action arose. 547 F.2d 397, 400 (7th Cir. 1977). In *Spray*, a driver insured under a Kentucky insurance contract was involved a car accident in Indiana and an Indiana resident in the other vehicle sustained injuries. *Id*. at 399. The insurance company filed a petition for declaratory judgment that it was not obligated to defend or indemnify the insured. *Id*. at 398. The Court found that the insured was a resident of the state of Kentucky at the time of the accident and had purchased the car and stored it in Kentucky principally for use in Kentucky. *Id*. at 399. The insurer argued that because the action involved only coverage issues as opposed to the facts of the underlying tort, that Kentucky law applied to the dispute. *Id*. at 400. The Court agreed with the insurance company that Kentucky law applied and reversed the district court, finding the court's error in applying Indiana law to the contract as one of the grounds for reversal. *Id*. *See also State Farm Mut. Auto Ins. Co. v. Conway*, 779 F. Supp.

963, 967 (S.D. Ind. 1991) (finding that Indiana law applied to the insurance contract under the most intimate contacts test even though the accident occurred in Kentucky); *Employers Ins. v. Recticel Foam Corp.*, 716 N.E.2d 1015, 1024 (Ind. Ct. App. 1999) (explaining that place of performance bears little weight on choice of law when the place of performance is uncertain or unknown at the time of contracting). Similar to the facts of *Spray*, at the time of the accident in Indiana, Nasir Farrakhan was driving a car principally located and garaged in Illinois that was also insured under an Illinois policy. Consequently, the primary location of the risk in this instance was the state of Illinois.

In sum, both Indiana's preference for contractual stipulations and the majority of factors in Indiana's most intimate contacts test point to Illinois law as the appropriate law to apply to Louis Farrakhan's contract with Allstate. The contract was formed in Illinois and Indiana courts would likely favor the contract stipulation that Illinois law governs most disputes. Moreover, the principal location of the insured risk, the most important factor in the Indiana choice-of-law test, also points to Illinois law in this instance. Therefore, under Indiana choice-of-law rules, Illinois state law applies to the contractual dispute at bar.

Because this Court has diversity jurisdiction over this action and Illinois law applies to the contract at issue, the available defenses in this Court are the same as the defenses available to the parties in Illinois state court. The U.S. Supreme Court has emphasized the discretionary nature of the *Brillhart* standard. *See Wilton*, 515 U.S. at 282; *Brillhart*, 316 U.S. at 494. Although the scope, issue and applicable substantive law of this action and the Illinois state court action are the same, the other factors in the *Brillhart* analysis militate against a stay in this instance.

9

*4. Parties in interest; necessary parties; amenability to process*

The remaining *Brillhart* factors are of more concern in this instance, and because they overlap, will be considered as a group.  The Petersons are not within reach of the Illinois long arm statute and therefore, are not amenable to process in the Illinois state proceeding.  However, the Farrakhans cannot be joined in the proceeding in this Court because to do so would destroy diversity jurisdiction.  The Petersons assert that Nasir Farrakhan was an Indiana resident at the time their claim arose and can be joined in this action without destroying diversity, but such statement misapprehends the law.  Federal diversity jurisdiction is determined at the time the action is filed – not when the claim arises.  *See Freeport-McMoRan, Inc. v. K.N. Energy, Inc*., 498 U.S. 426, 428 (1991).  Because Nasir Farrakhan was a resident of Illinois at the time this action was filed, he cannot be joined to the current action without destroying diversity jurisdiction.

However, as Allstate acknowledges, under Illinois law the injured party is considered a necessary party to declaratory judgment actions regarding insurance coverage.  *See M.F.A. Mut. Ins. Co. v. Cheek*, 363 N.E.2d 809, 811 (Ill. 1977); *Chandler v. Doherty*, 702 N.E.2d 634, 640 (Ill. Ct. App. 1998); *Soc'y of Mount Carmel v. Nat'l Ben Franklin Ins. Co.*, 643 N.E.2d 1280, 1285 (Ill. Ct. App. 1994); *Allied Am. Ins. Co. v. Ayala*, 616 N.E.2d 1349, 1355 (Ill. Ct. App. 1993).  The Illinois Supreme Court has explained that the injured party is necessary because the injured party has a "substantial interest in the viability of the policy."  *Cheek*, 363 N.E.2d at 811.  Similarly, the Illinois Court of Appeals has characterized the injured party as a party in interest to the insurance contract whose rights vest at the time of the occurrence giving rise to the party's injuries.  *See Reagor v. Travelers Ins. Co.*, 415 N.E.2d 512, 514 (Ill. Ct. App. 1980).  In *Reagor*, the Court explained that

the insured person must be given the opportunity to litigate coverage under the insurance contract before the injured party's interest in the contract can be terminated.  415 N.E.2d at 514.

At least one Illinois court has held that a declaratory judgment action regarding insurance coverage that was rendered in the absence of the injured party was void.  *See Allied Am. Ins. Co. v. Ayala*, 616 N.E.2d 1349, 1356 (Ill. Ct. App. 1993).  In *Ayala*, an insurance company sought declaratory judgment regarding its duty to indemnify a driver who was not a named insured on an automobile policy and drove the car without the insured's permission.  *Id*. at 1354.  The trial court had failed to obtain jurisdiction over the injured party, a minor, and the Illinois Court of Appeals held that the judgment of the trial court was void because the minor was a necessary party, even though the minor was represented by her mother in the action.  *Id*. at 1356.  Unlike the Petersons, the minor in *Ayala* was amenable to process in Illinois, but the *Ayala* case illustrates the strength of the Illinois public policy of including injured parties in coverage litigation.

Illinois public policy is persuasive in this situation.  According to Illinois case law, if the Petersons were amenable to process in Illinois, they would be considered  a necessary party to the state proceeding.  Because the Petersons have a unique and substantial interest in the viability of Louis Farrakhan's Allstate policy but cannot be joined in Illinois, the claims of all parties in interest cannot be satisfactorily adjudicated in the state proceeding.  Accordingly, because three of the *Brillhart* factors cannot be satisfied, this Court will exercise its discretion to render a declaratory judgment of coverage under the Allstate policy.

**B. Joinder of Necessary Parties**

Federal Rule of Civil Procedure 19 addresses compulsory joinder issues in federal court. Rule 19(b) provides that, "If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." The rule then lists four factors that a court must consider when an indispensable party cannot be joined to an action: (1) to what extent a judgment in the person's absence might be prejudicial to the person or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered without the person's presence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. *See* Fed. R. Civ. P. 19(b).

Allstate argues that, under the above four factors, it is fair and equitable to determine the issues of its declaratory action in the Illinois state court proceeding first and for this Court to then take the Illinois state court's rulings into consideration when entering the same or modified judgments against the Petersons. The issue of whether the Petersons are necessary parties to the Illinois state court action must be settled in the Illinois state court under Illinois' own court rules because Illinois is the jurisdiction in which the Petersons are not amenable to process. The issue before this Court is whether the Farrakhans are necessary parties to this federal action.

In *Provident Tradesmens Bank & Trust Company v. Patterson*, the U.S. Supreme Court explained that the plaintiff has an interest in a forum and that the strength of the plaintiff's interest is based on whether a satisfactory alternative forum exists. 390 U.S. 102, 109 (1968). As Allstate correctly points out, it is impossible to join all necessary parties in this Court or in the Illinois state

12

court action. Allstate also contends that the Farrakhans cannot be joined in an Indiana state court declaratory action. However, the Indiana Court of Appeals' decision in *American Economy Insurance Company v. Felts* suggests that Nasir Farrakhan would likely be within the reach of the Indiana long-arm statute. 759 N.E. 2d 649, 656 (Ind. Ct. App. 2001) (holding that the Indiana long-arm statute applied to a resident of Illinois who had caused injury in Indiana because his conduct had given rise to the insurance company's declaratory judgment action). Still, nothing in the record indicates that Louis Farrakhan is subject to the Indiana long-arm statute. Therefore, based on the record before the Court, no forum exists in which all parties in interest may be joined.[2]

The fact that the Petersons cannot be joined in Illinois state court could affect the adequacy of the relief that Allstate will be able to obtain there. Illinois state case law suggests that a decision rendered in the Petersons' absence may be inadequate to terminate the Petersons' interest in Louis Farrakhan's Allstate insurance policy. *See Reagor*, 415 N.E.2d at 514 (explaining that the injured party must be given the opportunity to litigate coverage before his or her interest in the policy can be terminated); *Cheek*, 340 N.E.2d at 334. Consequently, Allstate may not be able to obtain the full declaratory relief it seeks unless the current action proceeds in this Court.

The Illinois Supreme Court and the Illinois Court of Appeals have explained that the public policy at work with regard to liability contracts is that such contracts operate to compensate members of the public for their injuries. *Cheek*, 363 N.E.2d at 813; *Reagor*, 415 N.E.2d at 514. Moreover, the Petersons and Nasir Farrakhan share substantially the same interest - coverage under the Allstate policy. The Petersons seek compensation for injuries for which a jury has declared

---

[2]The Court notes that pursuant to *Felts* and the discussion of Louis Farrakhan as a necessary party in this Order, Allstate may be able to bring an action in Indiana state court in which it could join all necessary parties (if not all interested parties) to obtain a declaratory judgment that would determine both Nasir Farrakhan's and the Petersons' interests in the Allstate policy. However, because the possibility of such an action is not certain, the Court will continue its analysis of the 19(b) factors as they apply to the Farrakhans.

13

Nasir Farrakhan liable. Consequently, both the Petersons and Nasir Farrakhan share an interest in securing a source of funds to satisfy the judgment.

The Petersons' interest in obtaining compensation for their injuries is such that the Petersons will likely advocate just as vigorously as Nasir Farrakhan, if not more so, for coverage under the Allstate insurance policy, thereby lessening the prejudice of a declaratory judgment rendered in his absence. *See Evangelical Lutheran Church in Am. V. Atlantic Mut. Ins. Co.*, 173 F.R.D. 507, 508-09, n. 1 (N.D. Ill. 1997) (citing *Rishnell v. Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1412 (10th Cir. 1996)) (explaining that injured party was not indispensable when church sued for declaratory relief against insurance company because church's interests were substantially the same as injured party's). *See also Georgia. Pacific Corp. v. Sentry Select Ins. Co.*, No. 05-cv-826-DRH, 2006 WL 1525678 (S.D. Ill. May 26, 2006) (explaining the general rule that injured parties are indispensable to declaratory judgment actions brought by insurance companies to determine policy coverage, but not to declaratory judgment actions brought by insureds to determine coverage due to the alignment of interests between insureds and injured parties). Because the public policy behind liability contracts is compensation for injured parties and the Petersons will advocate zealously for such coverage, the Court finds that a judgment rendered in Nasir Farrakhan's absence is not so prejudicial to him that he is indispensable to this action.

In addition, a judgment rendered in Louis Farrakhan's absence will do little to prejudice him. Louis Farrakhan was not involved in the Peterson's accident and the Petersons do not have a judgment against him. Allstate does not contest its duty to defend Louis Farrakhan and Allstate's duty to indemnify him is a moot point because he was dismissed from the underlying case for lack of personal jurisdiction. Under the circumstances, Louis Farrakhan's absence will not be substantially prejudicial to those already parties nor will his absence prejudice his own interests.

Other courts have found that policy owners were not indispensable parties to declaratory judgment actions between insurance companies and injured parties when the company did not dispute its duties to the policy owner and the court did not need to adjudicate any rights between the policy owner and the injured parties. *See Northwest Casualty Co. v. Kirkman,* 119 F. Supp. 828, 830 (M.D. N.C. 1954); *Ohio Casualty Ins. Co. v. Maloney*, 44 F. Supp. 312, 314 (E.D. Pa. 1942).

In conclusion, under the factors a court must consider under Federal Rule of Civil Procedure 19(b), this Court finds that the current action may proceed in the Farrakhans' absence. Louis Farrakhan has little at stake in this action and thus a declaratory judgment from this Court is unlikely to be substantially prejudicial to him. The Petersons will litigate coverage under the Allstate policy as vigorously, if not more so, than Nasir Farrakhan because of their interest in obtaining compensation for their injuries, thus reducing the prejudice to Nasir Farrakhan. Moreover, even though this action will unfortunately duplicate the efforts of the Illinois state court, this action should proceed because Allstate cannot join the Petersons and Farrakhans in any available forum and a judgment in the Illinois state court rendered in the Petersons' absence may not terminate the Petersons' interest in the Allstate policy.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Allstate Insurance Company's Motion for the Court to Abstain from Determining the Rights of the Litigants and to Stay the Proceedings Pending Resolution of a State Action [DE 15].

The Court **REAFFIRMS** all case-management deadlines.

SO ORDERED this 18th day of December, 2006.

                                                 s/ Paul R. Cherry
                                                MAGISTRATE JUDGE PAUL R. CHERRY
                                                UNITED STATES DISTRICT COURT

cc:    All counsel of record